**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CLEARWATER PETROLEUM, LLC**
**D/B/A STOP N SHOP #3,**
a Florida Limited Liability Company,
**ANWAR KHOJA,** and
**MAHMUD H. CHOWDHURY,**
     **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**
     **Defendant.**
_____/

**Case No.:** 8:16 cv 602 T36 JSS
**Division:**

**COMPLAINT**

    The Plaintiffs, CLEARWATER PETROLEUM, LLC D/B/A STOP N SHOP #3, a Florida Limited Liability Company, ANWAR KHOJA, and MAHMUD H. CHOWDHURY, by and through their undersigned counsel, Andrew Z. Tapp, hereby sue the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.    Plaintiffs bring this action based on the disqualification of the Plaintiffs (hereinafter referred to collectively as **"Stop N Shop #3"**) from eligibility to participate in the Supplemental Nutrition Assistance Program, pursuant to 7 U.S.C.A. § 2023 and 7 C.F.R. § 278.6.

2.    The Court has Jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the laws of the United States, for which 7 USC §2023 and 7 C.F.R. §278.6 qualify.

3.    Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) and 7 C.F.R. 278.6 because the events that gave rise to this Complaint occurred in Clearwater, Florida, over which this District has jurisdiction.

TKA -35469
$400

## PARTIES

4.    The Plaintiff, CLEARWATER PETROLEUM, LLC, doing business as STOP N SHOP #3, is a Florida Limited Liability with its principal address located at 1285 Cleveland Street, Clearwater, Florida 33755-4912.  The Plaintiff was, until recently, an authorized firm participating in the Supplemental Nutrition Assistance Program (hereinafter "SNAP").

5.    The Plaintiff, ANWAR KHOJA, is a natural person and a resident of Florida who was the individual named on Stop N Shop #3's SNAP application.

6.    The Plaintiff, MAHMUD H. CHOWDHURY, is a natural person and a resident of Florida who was the individual named on Stop N Shop #3's SNAP application.

7.    The Defendant is the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter "USDA" or "Department"), and its subservice, Food & Nutrition Service.

## GENERAL ALLEGATIONS

8.    The Supplemental Nutrition Assistance Program is a government program operated pursuant to Title VII, Chapter 51 of the United States Code and, for purposes of this Complaint, is codified at 7 U.S.C. §2012 through §2024 in addition to Title 7 of the Code of Federal Regulations §278.

9.    As defined by 7 U.S.C. §2012, Plaintiff, Stop N Shop #3, is a Retail Food Provider operating in Pinellas County, State of Florida.

10.    As a Retail Food Provider, Stop N Shop #3 (though Plaintiffs Anwar Khoja and Mahmud H. Chowdhury) applied through the Food and Nutrition Service of the USDA to participate in SNAP and was granted eligibility by the Department to participate.

11. Stop N Shop #3 operated as a firm accepting Electronic Benefits Transfer (EBT) transactions from SNAP participants for an extended period of time without issue.

12. However, allegations of trafficking[1] and the sale of non-qualifying items were brought against Stop N Shop #3 by the USDA Section Chief in a charging letter (hereinafter "Charging Letter").

13. The Plaintiffs had never received any prior notice from the Department that any violations were or could have been occurring at the Plaintiffs' store before receiving the Department's Charging Letter.

14. Furthermore, the Plaintiffs had never been disqualified or otherwise penalized by the Department for any reason whatsoever, nor had they been involved in any allegations of wrongdoing under the SNAP regulations.

15. The Plaintiffs timely served a response to the Defendant's Charging Letter, acknowledging unintentional lesser violations of SNAP regulations, while

---

[1] Trafficking is defined under 7 C.F.R. §271.2 as: "(1) The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;

(2) The exchange of firearms, ammunition, explosives, or controlled substances, as defined in section 802 of title 21, United States Code, for SNAP benefits;

(3) Purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit amount;

(4) Purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or

(5) Intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food.

(6) Attempting to buy, sell, steal, or otherwise affect an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signatures, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone."

vehemently denying the existence of any conduct that would constitute trafficking as defined by the Regulations.

16.   The USDA subsequently answered the Plaintiffs' response, and issued findings that the Plaintiffs had in fact trafficked in food stamps.   The Plaintiffs subsequently filed an administrative appeal with the Administrative Review Division of the United States Department of Agriculture and submitted a brief to the Department in support of its appeal.

17.   On February 11th, 2016, the Plaintiffs received a letter from Ms. Lorie L. Conneen of the Administrative Review Branch of the United States Department of Agriculture.  The letter, and the enclosed Final Agency Decision, both attached hereto as **Composite Exhibit "A"**, uphold the original decision to permanently disqualify the Plaintiffs from participating in SNAP.

18.   Though all three of the Plaintiffs have been damaged by the Department's inaccurate determination, Plaintiff, Stop N Shop #3, has been particularly harmed by the disqualification as a majority of its customers are low income and rely upon SNAP benefits to purchase groceries, resulting in significant losses to the Plaintiffs' revenue.

## COUNT I: VIOLATION OF 7 U.S.C. §2021

19.   The Plaintiffs incorporate and restate each and every paragraph set forth above as though fully set forth herein.

20.   In evaluating any firm's SNAP benefit transactions, Title 7 of the United States Code, Section 2021 governs the Department's process, evaluation, conclusions, and sanctions.

21.    In pertinent part, 7 U.S.C. §2021 sets forth a detailed list of disqualification periods, and permits the Department to promulgate regulations governing the specifics of the administration, review and disqualification of firms who violate the SNAP regulations.

22.    Section 2021 specifically sets forth three main categories of disqualification periods:

(a) A reasonable period of time, not to exceed 5 years, upon the first occasion of a firm's disqualification;

(b) A reasonable period of time, not to exceed 10 years, upon the second occasion of disqualification; and

(c) A permanent disqualification upon: a third occasion of disqualification; the first occasion of trafficking in benefits; and for the sale of fire arms using SNAP benefits.

23.    The Department's codification of the authorized regulations is found in 7 CFR 278.  As one would expect, much of the regulations found under the CFR are similar in nature to the law found in 7 USC 2021.

24.    Of note, 7 C.F.R. 278.6 governs the "Disqualification of retail food stores and wholesale food concerns, and imposition of civil money penalties in lieu of disqualification."

25.    Similar to §2021, the CFR §278.6 sets forth in great detail the process and sanctions available to the Department regarding the enforcement of SNAP regulations.  Under subsection (e), the Penalties for sanctions can be found:

(a) *Permanent Disqualification* if the firm (or its personnel) have engaged in trafficking (as defined by 7 C.F.R. §271.2); violations such as the sale of

ineligible items occurred and the offending firm has been twice sanctioned; or it is determined that personnel of the firm knowingly submitted false information on an application to participate in SNAP.

(b) *Five Year Disqualification* if it is the offending firm's first sanction, the firm had been previously advised of the possibility that violations were occurring, and evidence shows that the firm regularly violates the SNAP regulations.

(c) *Three Year Disqualification* if it is the offending firm's first sanction and evidence shows that the firm regularly violates the SNAP regulations.

(d) *One Year Disqualification* if it is to be the first sanction for the offending firm and the ownership or management personnel of the firm have committed violations such as the sale of common non-food items, or the firm has accepted food stamp benefits in payment for items sold to a household on credit.

(e) *Six Month Disqualification* if it is the first sanction for the firm, and the evidence shows that the personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

26. Trafficking, as noted above, is defined in 7 CFR §271.2 as follows:

> **(1)** The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;
>
> **(2)** The exchange of firearms, ammunition, explosives, or controlled substances, as defined in section 802 of title 21, United States Code, for SNAP benefits;

(3) Purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit amount;

(4) Purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or

(5) Intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food.

(6) Attempting to buy, sell, steal, or otherwise affect an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signatures, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." (2015)

27. To begin with, under the definitions set forth by both the United States Congress and that of the USDA, the Plaintiffs have never engaged in the Trafficking of SNAP benefits.

28. The Department's conclusion otherwise is evidentiary meritless, and a complete misapplication of the definition of the term trafficking, in addition to a fundamental collapse of the punishment system set forth in the CFR.

29. Accordingly, under an evaluation of 7 CFR §278.6, with insufficient evidence of trafficking, the Department should not have permanently disqualified the Plaintiffs.

30. Therefore, under the U.S.C. and C.F.R., the Defendant, acting through the USDA, has not complied with the either the laws set forth by the United States Congress or the regulations promulgated by the Department itself, and has acted in violation

of those rules and regulations which apply to the sanctioning of firms for violations of SNAP regulations.

WHEREFORE, the Plaintiffs, CLEARWATER PETROLEUM, LLC D/B/A STOP N SHOP #3, ANWAR KHOJA and MAHMUD H. CHOWDHURY, respectfully requests this Honorable Court enter Judgment against the Defendant upon the grounds set forth above, and to strike the suspension of the Plaintiffs from SNAP, in addition to awarding such further relief as may be granted under either the United States Code or the Code of Federal Regulations.

## COUNT II: VIOLATION OF SUBSTANTIVE DUE PROCESS

31.  The Plaintiffs hereby incorporate and restate each of the above paragraphs as if fully set forth herein, though specifically exclude any aforementioned prayer for relief, limiting such incorporation only to the allegation of facts.

32.  The application of the statutes, rules, and regulations set forth above on the part of the USDA has been arbitrary and capricious in this case.

33.  The Defendant's conclusions and determinations of what amounts to "trafficking" and what does not are arbitrary in nature, and lack any support from the rules, regulations or code that has been set forth.

34.  Specifically, the Department's utilization of a computer algorithm which plucks data points from a six month or greater time period, and subsequent use of such data points as justification to infer the existence of trafficking where other explanations are equally or more likely, deprives the Plaintiffs, and others like them, of the protections and process set forth so specifically in the CFR and the USC.

35.  In fact, the Department has seemingly wholeheartedly forgotten the entire remainder of §278.6 in favor of labeling every *potential* violation as "trafficking"

without so much as a reasonable evaluation by a department member as to the possibility of other explanations.

36. The Department has abandoned the concept of warning letters or other less severe attempts to curb violations in favor of a one-strike, you're out policy.

37. The Code and Regulations governing this area of the law are clearly in place to provide a graduated schedule of punishments and sanctions for a graduated level of violations rather.

38. The Defendant's utter failure to utilize any other part of the Code or Regulations in punishing the Plaintiffs serves to demonstrate that the code and regulations remain in name only, while the practice has become far more draconian.

39. This lack of substantive due process applied to the Department's actions against the Plaintiffs in this case was overly punitive when less restrictive (and clearly codified) means of sanctioning the Plaintiff's action of extending credit are clearly contemplated within the regulations.

40. Based on the arbitrary and capricious application of 7 U.S.C. §2021 and 7 C.F.R. §278.6, the Defendant has violated the Substantive Due Process rights of the Plaintiffs by issuing a permanent disqualification without a meaningful opportunity to contest such a conclusion.

WHEREFORE, the Plaintiffs, CLEARWATER PETROLEUM, LLC D/B/A STOP N SHOP #3, ANWAR KHOJA and MAHMUD H. CHOWDHURY, respectfully requests this Honorable Court enter Judgment against the Defendant upon the grounds set forth above, and Order the Defendant, the UNITED STATES OF AMERICA, acting through the UNITED STATES DEPARTMENT OF AGRICULTURE to apply the regulations and laws in the manner

in which they were drafted, and award the Plaintiffs such further relief as may be permissible under the laws of the United States under the circumstances set forth herein.

## COUNT III:  JUDICIAL REVIEW

41.   The Plaintiffs hereby re-aver those allegations set forth in paragraphs 1-30 as though fully set forth herein, though without such requests for relief as are contained in Count I.

42.   Pursuant to 7 C.F.R. §279 and 7 U.S.C. §2023, the Plaintiffs are entitled to a Judicial Review of the Defendant's decision to permanently disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program.

43.   As such, the Plaintiffs hereby ask that the Court conduct such a review as they have exhausted their administrative remedies under the regulations and code. Such Judicial Review should be done on a de novo basis as set forth by the Code.

WHEREFORE, the Plaintiffs, CLEARWATER PETROLEUM, LLC D/B/A STOP N SHOP #3, ANWAR KHOJA and MAHMUD H. CHOWDHURY, respectfully requests this Honorable Court enter Judgment against the Defendant upon the grounds set forth above, and to reverse the Plaintiffs' suspension, in addition to awarding such further relief as may be granted under either the United States Code or the Code of Federal Regulations.

Respectfully submitted,

_____

ANDREW Z. TAPP, ESQUIRE
Florida Bar Number:  68002
**BRANDON LEGAL GROUP, PLLC**
100 South Ashley Drive, Suite 1780
Tampa, Florida 33602
Telephone:  (813) 228-0658
Email:
Andy.Tapp@BrandonLegalGroup.com
LaJeana.Deane@BrandonLegalGroup.com
Service@BrandonLegalGroup.com

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via process server to the Defendant, the UNITED STATES OF AMERICA, as indicated in the Affidavit of Service filed subsequent to the filing of this pleading.

ANDREW Z. TAPP, ESQUIRE
Florida Bar Number: 68002
**BRANDON LEGAL GROUP, PLLC**
100 South Ashley Drive, Suite 1780
Tampa, Florida 33602
Telephone: (813) 228-0658
Facsimile: (813) 436-8470
Email:
Andy.Tapp@BrandonLegalGroup.com
LaJeana.Deane@BrandonLegalGroup.com
Service@BrandonLegalGroup.com

**COUNSEL FOR THE PLAINTIFFS**